(No. 91-CC-2516-)

WILLIAM G. SHEPHERD, Claimant, *v.*
COMPENSATION REVIEW BOARD, Respondent.

*Order filed March 24, 1992.*

NEIL F. FLYNN, for Claimant.

ROLAND W. BURRIS, Attorney General (LAWRENCE RIPPE, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

The parties have filed a stipulation which provides as follows:

"IT IS STIPULATED by and between the parties that:

1. That this action is based upon contract, and this court has jurisdiction pursuant to Section 8(a) and (b) of the Court of Claims Act [Ill. Rev. Stat. 1989, ch. 37, pars. 439.8(a),(b)];

2. That Claimant was at all relevant times, and currently is, a citizen and resident of the State of Illinois;

3. That Respondent Compensation Review Board was created and established for the purpose of determining the appropriate compensation for 'certain appointed state officers of state government.' (Ill. Rev. Stat. 1989, ch. 63, par. 901 *et seq.*);

4. That Claimant was appointed by Governor Thompson to the office of 'Small Business Utility Advocate' created pursuant to the Illinois Small Business Utility Advocate Act. (Ill. Rev. Stat. 1989, ch. 111 2/3, par. 1201 *et seq.*, Public Act 87-686);

5. That Claimant's appointment as Small Business Utility Advocate was confirmed by the Illinois Senate on April 15, 1986;

6. That Claimant was the first person appointed to and the first person to have served as Small Business Utility Advocate;

7. That Claimant assumed the responsibilities and duties as Small Business Utility Advocate on July 1, 1986, and served in that office and capacity continuously through January 31, 1990;

8. That even though Claimant was confirmed by the Senate on April 15, 1986, Claimant did not assume his duties as Small Business Utility Advocate until July 1, 1986 in that the General Assembly did not appropriate any funding for this newly created office until Fiscal Year 1987, beginning July 1, 1986;

9. That the Illinois Small Business Utility Advocate Act provides that the person serving in that office

'shall receive an annual salary as set by the Compensation Review Board *but in no case less than that of a commissioner,* other than the Chairman, *of the Illinois Commerce Commission.'* (Emphasis added.) [Public Act 84-686, Illinois Revised Statutes 1989, ch. 111 2/3, par. 1204(c)]

10. That on April 23, 1986, the Compensation Review Board adopted a report which established, *inter alia,* the salaries of the Small Business Utility Advocate and the Commissioners, other than the Chairman, of the Illinois Commerce Commission as follows:

| | Beginning July 1, 1986 | Beginning July 1, 1987 |
| ------------------------------------------------ | ---------------------- | ---------------------- |
| Illinois Commerce Commission Commissioners | $58,600 | $61,530 |
| Small Business Utility Advocate | $55,000 | $57,750 |

11. That from July 1, 1986 to June 30, 1987, Claimant was compensated at the rate of $55,000 per year. During this same period (July 1, 1986 through June 30, 1987), Commissioners, other than the Chairman, of the Illinois Commerce Commission were compensated at the rate of $58,600 per year;

12. That from July 1, 1987 to January 31, 1990, Claimant was compensated at the rate of $57,750 annually, while for the same time period, Commissioners, other than the Chairman, of the Illinois Commerce Commission have been and continue to be compensated at the rate of $61,530 annually;

13. That the salary levels contained in the Compensation Review Board's Report of April 23, 1986 established the compensation applicable to

Claimant for and during his term and service as Small Business Utility Advocate;

14. That the April, 1988 Report of the Compensation Review Board set the salaries of the Small Business Utility Advocate and the Commissioners, other than the Chairman, of the Illinois Commerce Commission at the same level;

15. That the April, 1988 Report of the Compensation Review Board was not adopted by the Illinois General Assembly;

16. That the April, 1990 Report of the Compensation Review Board similarly set the salary of the Small Business Utility Advocate and the salary of the Commissioners, other than the Chairman, of the Illinois Commerce Commission at the same level in accordance with Illinois law;

17. That Ill. Rev. Stat., 1989, ch. 127, par. 145 provides in pertinent part that:

'° ° ° *payment of funds as an adjustment to wages paid* employees or *officers of the State* for the purpose of *correcting* a clerical or *administrative error or oversight* or *pursuant to a backpay order issued by an appropriate state* or federal *administrative or judicial body* or officer shall not be construed as an additional payment for work already performed.' (Emphasis added.)

18. That the Small Business Utility Advocate Act provides that the person serving in that office receive an annual salary which shall not be less than that of a commissioner, other than the chairman, of the Illinois Commerce Commission;

19. That as of July 1, 1986, the salary for Illinois Commerce Commission commissioners, other than the chairman, was $58,600; and

20. That for the period July 1, 1986 through June 30, 1987, Claimant was paid $55,000 annually. That for the period July 1, 1986 through June 30, 1987, Claimant was entitled to be paid $58,600 annually.

*Remaining Issues:*

The remaining outstanding issue is whether Claimant, as Small Business Utility Advocate, was entitled to receive an increase in his salary beginning July 1, 1987. Claimant maintains that he is entitled to be paid $61,530 annually for the period July 1, 1987 through January 31, 1990, when Claimant concluded his service as Small Business Utility Advocate. Claimant contends he is, therefore, entitled to a judgment in the amount of $13,365. It is Respondent's contention that Claimant is not so entitled to be paid $61,530 annually for the period beginning July 1, 1987 through January 31, 1990 in that such salary increase constitutes a mid-term salary increase in violation of Article V, Section 21 of the Illinois Constitution. Respondent contends that Mr. Shepherd is entitled to a judgment in the amount of $5,796, which amount represents the difference between $58,600 annually and the amount Mr. Shepherd was actually paid for and during his term and service as Small Business Utility Advocate."

As can be seen from the stipulation, Respondent concedes that Claimant is entitled to $5,796.00, but disputes Claimant's claim for an additional $7,596.00 which represents the difference between $61,530.00 (a Commerce Commissioner's salary from July 1, 1987) and $58,600.00 (Claimant's salary).

Respondent contends that no pay increase can take place during the term for which Claimant was appointed.

The 1970 Constitution of the State of Illinois provides in article V, section 21:

"Officers of the Executive Branch shall be paid salaries established by law and shall receive no other compensation for their services. Changes in the salaries of these officers elected or appointed for stated terms shall not take effect during the stated terms."

The report of the Compensation Review Board that controls this case was filed April 23, 1986, and became effective June 28, 1986. It set the Claimant's salary at $55,000.00 effective July 1, 1986, and at $57,750.00 effective July 1, 1987. The salaries of Commerce Commission commissioners for the same periods were $58,600.00 and $61,530.00 respectively. During his tenure, Claimant received $57,750.00 annually. He resigned effective January 31, 1990.

Claimant argues that by virtue of Ill. Rev. Stat. 1989, ch. 111 2/3, par. 1204(c), he is entitled to the salary of a Commerce Commission commissioner. We agree.

The statute provides that he

"shall receive an annual salary as set by the Compensation Review Board *but in no case less than that of a commissioner*, other than the Chairman ° ° °." (Emphasis added.)

The clear intent of the General Assembly was that Claimant receive a salary no less than a commissioner. The statute, which created Claimant's office, was obviously enacted prior to his term's commencement.

In *Clayton v. State* (1952), 21 Ill. Ct. Cl. 321, in construing the preclusion provision of the prior constitution, we stated:

"None of the evils sought to be eliminated by the constitutional provisions can possibly arise where the change in compensation is automatically accomplished through the happening of a contingency, such as a fluctuation in population over which the office holder has no control, as is the case now before the Court."

We hold here that the contingency of an increase in a commissioner's salary was beyond the control of Claimant, and in any event, note that the increase had the force of law on June 28, 1986, effective July 1, 1987.

It is ordered, adjudged and decreed that Claimant is awarded $13,365.00 in full and complete satisfaction of this claim.